```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH FOSTER,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :        21-CV-1400 (VSB)
                      -v-                                   :
                                                            :            ORDER
                                                            :
MONTICELLO MOTOR CLUB SALES AND                             :
MANAGEMENT AND MANAGING                                     :
PARTNER ARI STRAUS,                                         :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Currently before me is the parties' Rule 68 filings and proposed judgment filed on September 6, 2022.  (Docs. 41–42.)  The parties submitted the Rule 68 filings after having filed a stipulation and order on August 3, 2022, pursuant to Rule 41(a)(1)(A)(ii), and dated July 30, 2022, for me to approve.  (Doc. 38.)  The stipulation submitted by the parties for my signature states "Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Joseph Foster and Defendants Monticello Motor Club Sales and Management and Managing Partner Ari Straus hereby stipulate that the above-captioned matter is dismissed without prejudice and without right to appeal.  Each party shall bear his/its own attorneys' fees and costs." (*Id.*)

      On August 5, 2022, I ordered the parties to submit a letter stating whether the parties had reached a settlement agreement, and if so, to file the terms of the settlement agreement and demonstrate that the settlement constituted a fair and reasonable compromise of disputed issues under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  (Doc. 40.)  In an apparent response to my order, the parties filed a notice of acceptance with offer of judgment and

a proposed judgment on September 6, 2022, seeking dismissal pursuant to Rule 68(a). (Docs. 41-42.) Defendants' Offer of Judgment to Plaintiff Joseph[1] Foster ("Offer of Judgment") is dated August 26, 2022, and Plaintiff's attorney accepted on behalf of Mr. Foster on September 5, 2022. (Docs. 41-42.) The Offer of Judgment is "in the total amount of Ten Thousand Dollars and Zero Cents on all Plaintiff's claims in the Complaint filed on February 17, 2021. . . . [and] "includes any and all of Plaintiff's claims for costs and attorney's fees." (Doc. 41 at 1.) The fact that the Offer of Judgment was made about three weeks after the initial stipulation of dismissal pursuant to Rule 41(a) and my subsequent order to submit terms and demonstrate that the settlement was fair and reasonable under *Cheeks* further raises the specter that the parties are utilizing Rule 68(a) to circumvent the protections afforded by *Cheeks* in recognition that FLSA is a "uniquely protective statute." *Cheeks*, 796 F.3d at 207.

  Further, the initial Stipulation and Order of Dismissal stated that "[e]ach party shall bear his/its own attorneys' fees and costs." (Doc. 38.) However, the Offer of Judgment appears to provide for Plaintiff's attorneys' fees and costs ("This amount includes any and all of Plaintiff's claims for costs and attorneys' fees."). (Docs. 41–42.) These facts further raise concerns regarding the fairness and reasonableness of the settlement and of the attorneys' fees awarded to Plaintiff's counsel.

  In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations" such that they must "require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). More recently, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v.*

---

[1] Joseph was misspelled "Jospeh" in the title of the offer of judgment. (Doc. 41 at 1.)

*Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019). In light of this unqualified language, I find that *Mei Xing Yu* compels the result here that I must enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

However, I note that the result here appears inconsistent with the Second Circuit's holding in *Cheeks* and that, absent further clarity from the Second Circuit or legislative action, the holding in *Mei Xing Yu* threatens to dramatically curtail the purpose behind the *Cheeks* decision—to protect workers' wages. The rule announced in *Mei Xing Yu* will allow parties to "use Rule 68(a) as an 'end run' to accomplish what *Cheeks* forbade." *Mei Xing Yu*, 944 F.3d at 425–26 (Calabresi, J., dissenting). "As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68." *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18 CIV. 994 (PAC), 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020). Under *Mei Xing Yu*, district courts, "faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, [are] forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68." *Id.* This newfound ability for parties to submit broad and unreasonable terms and evade *Cheeks* review certainly "conflicts with the spirit of" the Second Circuit's holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted).

Here, the parties include terms and conditions in their offer and acceptance of judgment that I would likely deem unreasonable in a settlement agreement submitted pursuant to *Cheeks*. For example, the offer of judgment contains an overbroad release, with acceptance discharging

Defendants of "all claims Plaintiff could have asserted against Defendants, its current and former owners, shareholders, members, directors, employees, affiliated entities, attorneys, agents, insurers, and other related individuals or entities." (Doc. 41 at 2.) "[C]ourts in this district routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

The offer of judgment also sets forth the judgment amount as $10,000, inclusive of attorneys' fees, costs, expenses, and prejudgment interest, but does not indicate how much of that amount will be paid in attorneys' fees or costs, (Doc. 41 at 1), therefore, making it impossible to ascertain whether the attorneys' fees are reasonable or not. Thus, this term is incompatible with what I would consider a reasonable FLSA settlement under a typical *Cheeks* approval process. *See Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020) ("if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs"); *see also id*. ("[t]he fee applicant must submit adequate documentation supporting the [request]").

However, I find *Mei Xing Yu* compels me to sign the proposed judgment in contravention to the result I would likely reach under *Cheeks* regarding the terms of the parties' offer and acceptance of judgment. Therefore, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment be entered in accordance with the parties' Rule 68 offer.

(Docs. 41–42.)  The parties' proposed judgment will be filed simultaneously with this Order.

SO ORDERED.

Dated: September 16, 2022
      New York, New York

                                             Vernon S. Broderick
                                             United States District Judge